IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward E. Noriega,<br><br>    Petitioner,<br><br>vs.<br><br>Charles Ryan, et al.,<br><br>    Respondents. | No. CV 11-1619-PHX-NVW (SPL)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE NEIL V. WAKE, UNITED STATES DISTRICT JUDGE:

## BACKGROUND

Petitioner Edward E. Noriega has filed a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. Doc. 1. Pursuant to a plea agreement entered on December 19, 2005, Petitioner pled guilty in Pinal County Superior Court to two counts of Attempted Molestation of a Child, a class three felony and dangerous crime against children in the second degree under Arizona law. Doc.10, Exh. B-D. On May 9, 2006, Petitioner was sentenced to twelve years in prison on the first count and a consecutive term of lifetime probation on the second. Doc. 10, Exh. I, K. He was also ordered to register as a sex offender. Doc. 10, Exh. K.

On June 29, 2006, Petitioner filed a Notice of Post-Conviction Relief. Doc. 10, Exh. M. The trial court appointed counsel to represent Petitioner in the post-conviction proceedings. Doc. 10, Ehx. N. After two appointed attorneys were allowed to withdraw,

1 Petitioner's third appointed counsel filed a Notice of Completion of Post-Conviction Review
2 by Counsel on March 3, 2008. Doc. 10, Exh. S. Counsel stated in the notice that after a full
3 review of the record, review of previous counsels' files, and a meeting with Petitioner, he
4 found no issues upon which to base a claim for relief. Id. Counsel further requested an
5 extension of time for Petitioner to file a *pro per* petition and asked that he be allowed to
6 withdraw as Petitioner's counsel. Id. Petitioner filed a *Pro Per* Rule 32 Petition for Post-
7 Conviction Relief on May 1, 2008. Doc. 10, Exh. Y. On August 25, 2008, presumably in
8 response to appointed counsel's request to withdraw, the trial court appointed new counsel
9 for Petitioner. Doc. 10, Exh. AA-CC. On July 8, 2009, the trial court issued a ruling
10 rejecting the arguments raised in Petitioner's post-conviction petition and denying all relief.
11 Doc. 10, Exh. GG. On February 12, 2010, Petitioner filed a Motion for Reconsideration of
12 Post-Conviction Relief in which he raised new claims. Doc. 10, Exh. II. On June 23, 2010,
13 the trial court denied the motion for reconsideration as untimely and without merit. Doc. 10,
14 Exh. OO.

15 On July 12, 2010, Petitioner filed a Petition for Review in the Arizona Court of
16 Appeals. Doc. 10, Exh. PP. The Court of Appeals in a Memorandum Decision on November
17 16, 2010, granted review but denied relief. Doc. 10, Exh. RR. The Court found no abuse of
18 discretion in the trial court's denial of the motion for reconsideration. Id. Additionally,
19 because Petitioner failed to directly challenge the trial court's ruling on his petition for post-
20 conviction relief, the Court found no abuse of discretion. Id. Petitioner did not seek review
21 in the Arizona Supreme Court. Doc. 1 at 5.

22 In the meantime, back on January 26, 2010, Petitioner filed a second Notice of Post-
23 Conviction Relief. Doc. 10, Exh. SS. The trial court appointed new counsel for the second
24 post-conviction proceedings. Doc. 10, Exh. TT. On June 14, 2010, counsel filed a Notice
25 of Completion of Post-Conviction Review by Counsel, again identifying no issues upon
26 which to base a claim for relief. Doc. 10, Exh. WW. The notice also requested additional
27 time for Petitioner to file a *pro per* petition and that counsel be allowed to withdraw. Id. On
28 June 23, 2010, the trial court set a deadline for Petitioner to file a *pro per* petition and

ordered counsel to stay on in an advisory capacity. Doc. 10, Exh. OO. On November 29, 2010, Petitioner filed his second *pro per* Petition for Post-Conviction Relief. Doc. 10, Exh. EEE. After briefing was completed, the trial court issued a ruling on February 28, 2011. Doc. 10, Exh. HHH. The court found Petitioner's claims to be precluded under Rule 32.2 of the Arizona Rules of Criminal Procedure because they were not raised in a previous collateral proceeding. Id. The court further found that even if the claims were not precluded they were without merit. Id. After the trial court denied a motion for reconsideration, Petitioner filed a Petition for Review in the Arizona Court of Appeals on April 7, 2011. Doc. 10, Exh. KKK. On June 29, 2011, the Court of Appeals in a Memorandum Decision granted review but denied relief. Doc. 10, Exh. MMM. The Court found no error in the trial court's determination that Petitioner's claims in second post-conviction petition were precluded. Id. The Court further found that the trial court did not err in implicitly rejecting Petitioner's claim of ineffective assistance of counsel in his first post-conviction proceedings. Id. The Court explained that because Petitioner's underlying claims had no merit, they could not form the basis for an ineffective assistance claim. Id. Petitioner did not seek review of the decision in the Arizona Supreme Court. Doc. 1 at 5.

Petitioner filed his Petition for Writ of Habeas Corpus in the district court on August 18, 2011. Doc. 1. He alleges four grounds for relief: (1) that his right to due process under the 5th and 14th Amendments was violated when the trial court misapplied a state sentencing statute pertaining to "dangerous crimes against children" and imposed a prison sentence that was not authorized; (2) that his right to due process under the 5th and 14th Amendments was violated when the trial court misapplied a state sentencing statute pertaining to "dangerous crimes against children" and imposed a sentence of lifetime probation that was not authorized; (3) that his right to due process under the 5th and 14th Amendments was violated when the trial court misapplied a state sentencing statute pertaining to "dangerous crimes against children" and erroneously ordered him to register as a sex offender; and (4) that the attorney appointed to represent him in his first state petition for post-conviction relief, and all subsequently appointed attorneys, provided ineffective assistance of counsel by failing

- 3 -

to raise the sentencing court's misapplication of a state sentencing statute pertaining to "dangerous crimes against children." Respondents filed an Answer to Petition for Writ of Habeas Corpus on December 7, 2011. Doc. 10. Petitioner then filed a Reply on January 17, 2012. Doc. 12.

**DISCUSSION**

Respondents contend in their answer that Petitioner's first three grounds for relief are procedurally defaulted and are not cognizable in a federal habeas petition. They further contend that Petitioner's fourth ground for relief fails on its merits. For the following reasons, the Court finds that Plaintiff's first three grounds for relief allege errors in the application of state law and are not cognizable on federal habeas review.[1] The Court further finds that Petitioner's claim in ground four fails to satisfy the high standard for habeas relief.

**A.    Non-Cognizable Claims**

    **1.    Legal Standards**

To be eligible for federal habeas corpus relief, a state prisoner must establish that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal habeas corpus relief is not available for errors of state law. Lewis v. Jeffers, 497 U.S. 764, 780 (1990). Federal courts accept a state court's interpretation of state law "and alleged errors in the application of state law are not cognizable in federal habeas corpus." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996). It is not the policy of the federal courts to re-examine state court determinations of state law questions. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Federal courts are without jurisdiction to review State court applications of state procedural rules. Poland v. Stewart, 169 F.3d 573, 584 (9th Cir. 1998). Moreover, a petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process." Langford, 110 F.3d at 1389. "[T]he

---

[1] Because the Court finds that Petitioner's first three grounds for relief clearly present questions of state law for which federal habeas review is not available, the Court need not address Respondents' argument that the same claims are procedural defaulted.

- 4 -

1 Supreme Court has long settled that the Fourteenth Amendment does not assure immunity
2 from judicial error or uniformity of judicial decisions." Little v. Crawford, 449 F.3d 1075,
3 1082 (9th Cir. 2006).

### 2. Application

Although Petitioner's first three grounds for relief are identified as separate claims, they are based on the same underlying argument that the trial court erroneously applied the sentencing statute for "dangerous crimes against children" under Arizona law. Petitioner argues that he pled guilty to two counts of attempted molestation of a child in the second degree.[2] He contends that pleading to molestation of a child in the second degree under Arizona law would have subjected him to sentencing under the former A.R.S. § 13-604.01, the "dangerous crimes against children" statute under which he was sentenced, but that pleading to *attempted* molestation took him outside the purview of § 13-604.01. Petitioner claims, therefore, that the trial court erred by applying the sentencing range in § 13-604.01 when he merely pled guilty to attempted molestation of a child in the second degree, which Petitioner contends is "twice removed" from the completed offense.

Beyond simply alleging a violation of the Due Process Clause at the beginning of each of his first three grounds for relief, Petitioner's grounds contain no further elaboration or analysis of an alleged due process violation. Rather, Petitioner's lengthy discussions in his grounds for relief are devoted exclusively to statutory interpretation. His claims focus on attempting to explain why the state child molestation offenses to which he pled guilty do not fall under the "dangerous crimes against children" sentencing statute that the trial court applied in his case.

---

[2] As the Court addresses in a subsequent section, Petitioner misstates the name of the offenses to which he pled. He claims he pled guilty to attempted molestation of a child in the second degree, but the plea agreement makes clear that Petitioner pled to "Attempted Molestation of a Child, a class 3 felony and dangerous crime against children in the second degree...." Doc. 10, Exh. B.

The Court finds that Petitioner's characterization of his first three grounds for relief as violations of the Due Process Clause is nothing more than an attempt to "transform a state-law issue into a federal one merely by asserting a violation of due process." See Langford, 110 F.3d at 1389. At issue here is simply whether a state sentencing statute that requires harsher punishments for "dangerous crimes against children" applies to Petitioner's offenses. Nothing about that determination implicates the federal Due Process Clause and Petitioner has failed to demonstrate otherwise. Because the claims turn solely on the interpretation of state law, federal habeas review is unavailable for them. The Court will therefore recommend that the first three grounds for relief be denied.

**B.     Merits Analysis of Ground Four**

   **1.     AEDPA Standard of Review**

Under the AEDPA[3], a federal court "shall not" grant habeas relief with respect to "any claim that was adjudicated on the merits in State court proceedings" unless the State court decision was (1) contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court; or (2) based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d); see Williams v. Taylor, 529 U.S. 362, 412-413 (2000) (O'Connor, J., concurring and delivering the opinion of the Court as to the AEDPA standard of review). A federal court must accept the state court's factual findings unless they are objectively unreasonable. Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004).

A state court's decision is "contrary to" clearly established precedent if (1) "the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or (2) "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent." Taylor, 529 U.S. at 405-06. "A state court's decision can involve an 'unreasonable application' of Federal law if it either (1) correctly identifies the governing rule

---

[3] Antiterrorism and Effective Death Penalty Act of 1996.

- 6 -

1 but then applies it to a new set of facts in a way that is objectively unreasonable, or (2)
2 extends or fails to extend a clearly established legal principle to a new context in a way that
3 is objectively unreasonable." Hernandez v. Small, 282 F.3d 1132, 1142 (9th Cir. 2002).
4 Thus, the "unreasonable application" clause requires the state court's application of Supreme
5 Court law to be more than incorrect or erroneous; it must be objectively unreasonable.
6 Lockyer v. Andrade, 538 U.S. 63, 75 (2003).

> As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

10 Harrington v. Richter, 131 S.Ct. 770, 786-87 (2011).

11 "Clearly established Federal law" in § 2254(d)(1) refers to the holdings of the
12 Supreme Court's decisions (not dicta) in effect at the time the relevant state court decision
13 is issued. Lockyer, 538 U.S. at 71-72. "A legal principle is 'clearly established' within the
14 meaning of this provision only when it is embodied in a holding of this Court." Thaler v.
15 Haynes, 130 S.Ct. 1171 (2010).

16 "When applying these standards, the federal court should review the 'last reasoned
17 decision' by a state court ...." Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004).
18 "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's
19 burden still must be met by showing there was no reasonable basis for the state court to deny
20 relief." Richter, 131 S.Ct. at 784.

21 **2.   Ineffective Assistance of Counsel**

22 Petitioner alleges in ground four six that the lawyers appointed to represent him during
23 his first of-right post conviction proceedings provided ineffective assistance of counsel when
24 they failed to raise the sentencing errors Petitioner alleges in grounds one, two and three. He
25 argues that because they failed to raise the claims in the first post-conviction proceedings,
26 the claims were precluded when he attempted to raise them in his second post-conviction
27 petition. Petitioner also briefly claims that his attorney at the sentencing hearing provided
28

- 7 -

ineffective assistance when she failed to argue the alleged sentencing errors before the trial court.

The two-prong test for demonstrating ineffective assistance of counsel was established by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). To prevail on an ineffective assistance claim, a convicted defendant must show: (1) that counsel's representation fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 687-88. There is a strong presumption that counsel's conduct falls within the wide range of reasonable assistance. Strickland, 466 U.S. at 689-90. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 689. Regarding prejudice, counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is unreliable." Id. at 687. It is not enough to merely show "that the errors had some conceivable effect on the outcome of the proceeding." Id. at 693.

In the context of a habeas petition, a petitioner must do more than demonstrate to the federal court that the state court applied Strickland incorrectly. Bell v. Cone, 535 U.S. 685, 698-99 (2002). Rather, a petitioner must demonstrate that the state court "applied Strickland to the facts of his case in an objectively unreasonable manner." Id. "The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Harrington v. Richter, 131 S.Ct. 770, 788 (2011).

In its memorandum decision affirming the trial court's dismissal of the second petition for post-conviction relief, the Arizona Court of Appeals addressed Petitioner's ineffective assistance claims. The Court recognized that Petitioner was entitled "to raise a claim of ineffectiveness of Rule 32 counsel based on counsel's actions in his first, of-right proceeding." Doc. 10, Exh. MMM at 6. The Court determined, however, that Petitioner

1 failed to satisfy the standards for ineffective assistance of counsel. <u>Id.</u> at 6-8.  The Court
2 explained:

> Here, even accepting arguendo that counsel's performance in Noriega's first proceeding was deficient, Noriega cannot establish he was prejudiced thereby because the arguments he contends counsel either failed to assert or caused him to fail to assert in his pro per petition by withholding his file, are without merit.
> 
> As the trial court summarized, Noriega's argument is essentially "that Molestation of a Child in the second degree is a preparatory offense and that, therefore, pleading to Attempted Molestation of a Child in the second degree is a plea to attempting to commit a preparatory offense." On that basis, Noriega claims he could not properly be sentenced under the former §§ 13-604.01, 13-902, or 13-3821 (footnote omitted). But, as this court has noted, attempt is a "preparatory offense[]." *State v. Tellez*, 165 Ariz. 381, 383, 799 P.2d 1, 3 (App. 1989). Noriega's plea agreement stated he was pleading guilty to "Attempted Molestation of a Child, a class 3 felony and dangerous crime against children in the second degree." In other words, he pled guilty to an attempt or preparatory offense, to molest, which is a dangerous crime against children in the second degree.
> 
> Noriega ignores the fact that the phrase "a class 3 felony and dangerous crime against children in the second degree," merely modified the offense of "Attempted Molestation of a Child" to which he pled guilty. Instead, he argues his crime was "'attempted' molestation of a child in the second degree," a characterization of his conviction which, as we previously pointed out, has no basis in the record. *Noriega*, No. 2 CA-CR 2010-0237-PR, n.4. Because Noriega's legal arguments are without merit, counsel's performance could not have changed the outcome of his first proceeding. *See State v. Jackson*, 209 Ariz. 13, ¶ 2, 97 P.3d 113, 114 (App. 2004) ("A colorable claim of post-conviction relief is 'one that, if the allegations are true, might have changed the outcome.'"), *quoting State v. Runningeagle*, 176 Ariz. 59, 63, 859 P.2d 169, 173 (1993). Therefore, although we grant the petition for review, we deny relief.

Petitioner has failed to establish, and the Court finds no basis to conclude, that the Court of Appeals decision is contrary to or an unreasonable application of clearly established Supreme Court law or that it was based on an unreasonable determination of the facts in light of the evidence presented in the state court. Petitioner does not even attempt to meet this standard in his reply. He argues a straight <u>Strickland</u> application as though the Court's role at this stage is to conduct a *de novo* review of the claim. To the contrary, Petitioner must satisfy the much higher habeas standard: that the Court of Appeals applied <u>Strickland</u> in an objectively unreasonable manner. This Court finds that the Arizona Court of Appeals reasonably applied <u>Strickland</u> by finding no prejudice based on counsels' failure to present claims that had no merit. Although the Court of Appeals decision did not directly address

1  Petitioner's counsel at sentencing, the same absence of prejudice analysis applies, thus
2  warranting denial of that claim as well.  For these reasons, the Court will recommend that
3  Petitioner's ineffective assistance of counsel claims in ground four be denied.

4        Finally, Petitioner also contends that during his first post-conviction proceedings, his
5  appointed counsel, who filed a "Notice of Completion" stating he found no issues to raise,
6  should not have been allowed to withdraw because that left Petitioner without representation.
7  Petitioner also claims that after his appointed counsel withdrew and Petitioner was provided
8  the opportunity to submit a *pro per* petition, he did not have the trial record.  He claims that
9  he had to file his *pro per* petition, which he did on May 1, 2008, without the benefit of the
10 trial record, which he did not receive until October 10, 2010.  The Court addresses these
11 issues separately because although Petitioner includes them among his ineffective assistance
12 claims, they do not allege wrongdoing by counsel.  However, even if Plaintiff had raised
13 them separately as claims against the trial court, they would have been denied.

14       The Arizona Court of Appeals addressed these arguments and found that although the
15 trial court allowed appointed counsel to withdraw, it subsequently appointed new counsel to
16 advise Petitioner, giving him sufficient time prior to the trial court's decision on his petition
17 to consult with counsel and supplement, withdraw or replace the petition.  Doc. 10, Exh.
18 MMM at 5-6.  The Court further found that Petitioner failed to adequately show that his
19 failure to receive unspecified documents he referred to as the trial record, prevented him from
20 timely raising his sentencing claims.

21       Petitioner has not shown that the Court of Appeals decision is contrary to or an
22 unreasonable application of clearly established Supreme Court law or that it was based on
23 an unreasonable determination of the facts in light of the evidence presented in the state
24 court.  The Court therefore finds no basis to grant relief on these claims.

25 **C.   Conclusion**

26       Having determined that Petitioner's first three grounds for relief are not cognizable
27 in a federal habeas action, and that the claims in ground four fail to meet the high standard
28

for habeas relief, the Court will recommend that the petition be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED:**

That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER RECOMMENDED**:

That a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation. See Fed. R. Civ. P. 72

DATED this 25th day of July, 2012.

Honorable Steven P. Logan
United States Magistrate Judge